B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) 26-1031 |
|---|---|
| **PLAINTIFFS** Nicolette L. Shej<br>(F.K.A.) Nicolette L. Bonassisa | **DEFENDANTS**<br>U.S. Department of Education<br>400 Maryland Ave. SW Rm. 6E353<br>Washington, DC 20202 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Nicolette L. Shej  (Pro SE)<br>435 Franklin Ave.<br>Belleville NJ 07109 , 973-641-2065 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine the dischargeability of student loan debt. Pursuant to 11 U.S.C. § 523 (a)(8)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
    **(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought  Injunctive relief to prevent future collections. Such other and further relief as the court deems just and proper.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Nicolette Loretta Shes | BANKRUPTCY CASE NO.<br>26-11237 | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of New Jersey | DIVISION OFFICE<br>Essex | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| Nicolette Shy | |
| DATE<br>02/03/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>(Pro Se)<br>Nicolette Loretta Bonassisa |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Nicolette Loretta Shej
435 Franklin Avenue
Belleville, New Jersey 07109

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEW JERSEY

**In re: Nicolette Loretta Shej,**

Debtor.

Case No.: ___*26-11237*___ Chapter 7 Judge: _____

**Nicolette Loretta Shej,**

**(F.K.A.) Nicolette Loretta Bonassisa**

 Plaintiff,

vs.

**United States Department of Education,**

 Defendant.

Adv. Pro. No.: _____

**COMPLAINT TO DETERMINE DISCHARGEABILITY**

**OF STUDENT LOAN DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)**

Plaintiff **Nicolette Loretta Shej** ("Plaintiff" or "Debtor"), appearing **pro se**, files this Complaint against Defendant **United States Department of Education** ("Defendant" or "DOE"), and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is an individual residing in the District of New Jersey and is the debtor in the above-captioned Chapter 7 bankruptcy case.
2. Defendant United States Department of Education is a federal agency responsible for administering federal student loan programs, including the loans at issue in this adversary proceeding.
3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.
4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) because it concerns the dischargeability of a debt.
5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## PARTIES AND FACTUAL ALLEGATIONS

6. Plaintiff is the debtor in a Chapter 7 bankruptcy case currently pending before this Court.
7. Plaintiff is the mother of a seven-month-old infant and is the sole caregiver for her child.
8. Plaintiff's husband is no longer present in the household and provides only **$450.00 per month** in financial support.
9. Plaintiff is currently unemployed.
10. Plaintiff receives public assistance and limited income totaling approximately **$938.00 per month**, which she relies upon to provide for herself and her infant child.
11. Plaintiff's monthly living expenses exceed her monthly income, resulting in a **negative monthly budget**, even without making any student loan payments.
12. Plaintiff receives SNAP benefits and other public assistance, which she relies upon to provide food and basic necessities for herself and her child.
13. Plaintiff has no savings, investments, assets of value, or disposable income.
14. Plaintiff's expenses consist solely of basic necessities, including food, diapers, and other essential items required for the health and welfare of her infant child.
15. Plaintiff cannot reduce her expenses further without causing harm to herself or her child.
16. Plaintiff owes approximately **$21,173.22** in federal student loan debt held or guaranteed by Defendant DOE and serviced by Navient Solutions, LLC.
17. The loans at issue are educational loans made, insured, or guaranteed by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8).
18. Plaintiff graduated in or around **2020**, at which time her federal student loans entered repayment status.
19. Beginning in or around 2020, Plaintiff's federal student loans were placed into administrative forbearance pursuant to federal COVID-19 payment pause programs.
20. The payment pause was automatic and mandated by the federal government, and was not the result of any action or inaction by Plaintiff.
21. During periods when repayment was required or available, Plaintiff made **nine (9)** payments toward her student loans when financially able.
22. Plaintiff's inability to make additional payments was due to financial hardship and the government-mandated payment pause, not a lack of good faith or unwillingness to repay.

23. Plaintiff is currently enrolled in an **Income-Driven Repayment ("IDR") plan** for her federal student loans.
24. Plaintiff's enrollment in an IDR plan has not alleviated her financial hardship. Plaintiff's income of $938.00 per month is insufficient to cover basic living expenses, and any required payment under the IDR plan would still force Plaintiff to choose between repayment and providing food, housing, and basic care for her dependent child.
25. If required to repay her federal student loans, Plaintiff would be unable to maintain a minimal standard of living for herself and her infant child.
26. Plaintiff's financial circumstances are unlikely to improve in the foreseeable future.
27. As a single parent to an infant, Plaintiff's ability to obtain employment is severely limited by the lack of affordable childcare.
28. The cost of childcare would exceed any income Plaintiff could reasonably earn at this time.
29. Plaintiff has no reasonable expectation of increased income or financial stability in the near future.
30. Plaintiff's financial hardship is not temporary and is expected to persist for a significant portion of the loan repayment period.
31. Plaintiff sought bankruptcy relief only after determining that repayment of her living expenses and federal student loans would impose an undue hardship on herself and her dependent child.

## CAUSE OF ACTION

## (11 U.S.C. § 523(a)(8) — Undue Hardship)

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.
33. Pursuant to 11 U.S.C. § 523(a)(8), student loan debt may be discharged where repayment would impose an undue hardship on the debtor and the debtor's dependents.
34. Requiring Plaintiff to repay the student loans at issue would impose an undue hardship because:

a. **Minimal Standard of Living:** Plaintiff cannot maintain a minimal standard of living for herself and her infant child if forced to repay the loans, as her income is insufficient to meet even basic necessities.

b. **Persistence of Financial Circumstances:** Plaintiff's financial situation is unlikely to improve in the foreseeable future due to unemployment, sole caregiving responsibilities, lack of affordable childcare, and a continuing negative monthly budget.

c. **Good Faith Efforts:** Plaintiff has made good-faith efforts to repay her student loans by making payments when financially able, complying with loan requirements, and enrolling in an Income-Driven Repayment plan. Despite these efforts, Plaintiff remains unable to repay the loans without undue hardship.

35. Requiring repayment would force Plaintiff to choose between basic survival needs and student loan repayment, thereby constituting an undue hardship under 11 U.S.C. § 523(a)(8).

**WHEREFORE**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Determine that Plaintiff's federal student loans owed to the United States Department of Education are dischargeable pursuant to 11 U.S.C. § 523(a)(8);

B. Enter judgment in favor of Plaintiff and against Defendant;

C. Grant such other and further relief as the Court deems just and proper.

**DECLARATION**

I, **Nicolette Loretta Shej**, declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Date: 02/03/2026

Signature: Nicolette Shej

**Nicolette Loretta Shej**
Plaintiff, Pro Se